Richard Chalgren and Karen Chalgren
411 Quail Run
Aptos, CA 95003
Tel: (831) 688-5000

Debtors in pro per

FILED

FEB 25 2010

CLERK
United States Bankruptcy Court
San Jose, California

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| in re:<br><br>RICHARD SCOTT CHALGREN;<br>KAREN CHALGREN<br><br>Debtors<br><br>_____<br><br>RICHARD SCOTT CHALGREN<br>KAREN CHALGREN<br><br>Plaintiffs<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY;<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF GSR MORTGAGE LOAN TRUST 2006-OA1;<br>AMERICAN BROKERS CONDUIT;<br>AMERICAN HOME MORTGAGE SERVICING, INC.;<br>SANTA CRUZ MORTGAGE COMPANY; | Case Number 09-56729ASW<br><br>Adv. No:<br><br>COMPLAINT FOR:<br>1. FRAUD<br>2. TORTIOUS RECORDATION OF FORECLOSURE DOCUMENTS<br>3. DECLARATORY RELIEF<br>4. INJUNCTIVE RELIEF<br>5. VIOLATION OF CIVIL CODE SECTION 2923.5<br>6. VIOLATION OF CIVIL CODE SECTION 2943<br>7. VIOLATION OF 12 USC SECTIONS 2601-2617 (RESPA)<br>8. CANCELLATION OF NOTE AND DEED OF TRUST |

1

FIDELITY NATIONAL TITLE COMPANY; )
DEFAULT RESOLUTION NETWORK; )
VICKI STEEN; CINDI ELLIS; )
KORELL HARP; LORENA ENRIQUEZ; )
and DOES 1-100 )
)
        Defendants )
_____ )

Plaintiffs allege as follows:

## JURISDICTION

1. This Adversary Proceeding is brought pursuant to Section 105 of the Bankruptcy Code, California Civil Code Section 2923.5 and Rules 7001 of the Federal Rules of Bankruptcy Procedures.

2. The United States District Court for the Northern District of California has jurisdiction over this proceeding pursuant to Section 157 of Title 28 of the United States Code.

3. The Claims for relief asserted herein arise under Section 105 of the Bankruptcy Code, and arise in a Chapter 13 Case under Title 11 of the United States Code. This Adversary Proceeding is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

4. Venue is proper in this District pursuant to Section 1409 of Title 28 of the United States Code.

## PARTIES

PLAINTIFFS:

5. Plaintiffs RICHARD CHALGREN and KAREN CHALGREN are husband and wife who at all times herein were and are the owners of real property situated in the County of Santa Cruz, commonly known as 411 Quail Run, Aptos, California (the "Property").

DEFENDANTS:

2

6. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY is an entity unknown to plaintiffs and doing business in California, County of Santa Cruz.

7. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF GSR MORTGAGE LOAN TRUST 2006-OA1 is an entity unknown to plaintiffs and doing business in California.

8. Defendant AMERICAN BROKERS CONDUIT is an entity unknown to plaintiffs and doing business in California, County of Santa Cruz;

9. Defendant AMERICAN HOME MORTGAGE SERVICING, INC. is an entity unknown to plaintiffs and doing business in California, County of Santa Cruz.

10. Defendant SANTA CRUZ MORTGAGE COMPANY is an entity unknown to plaintiffs and doing business in California, County of Santa Cruz.

11. Defendant FIDELITY NATIONAL TITLE COMPANY is an entity unknown to plaintiffs and doing business in California, County of Santa Cruz.

12. Defendant DEFAULT RESOLUTION NETWORK is an entity unknown to plaintiffs and doing business in California, County of Santa Cruz.

13. Defendant VICKI STEEN is an individual.

14. Defendant CINDI ELLIS is an individual.

15. Defendant KORELL HARP is an individual.

16. Defendant LORENA ENRIQUEZ is an individual.

17. Plaintiffs are ignorant of the true names and capacities of those defendants sued herein as DOES 1-100, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed

3

and believe and thereon allege that each of said fictitiously named defendants claim some right, title or interest in Plaintiffs Property and/or are responsible in some manner for the occurrences and damages herein alleged.

18. Plaintiffs are informed and thereon allege that at all times mentioned herein each of the defendants named herein was the agent and/or employee of every other defendant and in doing the acts herein alleged, defendants, and each of them, were acting within the course and scope of said agency and/or employment and with the permission and consent of each other.

## GENERAL ALLEGATIONS

19. On or about April 4, 2006, Plaintiffs obtained a home loan through the brokerage services of defendant Santa Cruz Mortgage Company. In connection with said home loan, Plaintiffs executed a promissory note in favor of American Brokers Conduit (the "Note").

20. Said Note was purportedly secured by a deed of trust (the "Deed of Trust) on Plaintiff's above-mentioned Property. Under the terms of the Deed of Trust, defendant MERS was listed as the beneficiary.

21. On or about January 2009, Plaintiff Richard Chalgren became unable to work due to a physical disability and thereby suffered a loss of income.

22. On February 1, 2009, plaintiffs were unable to make their monthly payment on the Note. Although Plaintiffs had suffered a loss of income they still had access to money and tried to ascertain who was the holder of the Note in order to discuss options to modify their loan to new terms which plaintiffs would be able to afford. Plaintiffs made numerous phone calls and wrote letters to the servicer of their loan, defendant AHMSI, in order to request the name, address and telephone number of the holder of the Note in order to be able to negotiate a loan modification. Plaintiffs also requested the name and address of any agent of the holder of the Note who was

authorized to negotiate a loan modification with plaintiffs. All of Plaintiffs requests for information and names were unanswered by defendant AHMSI and Plaintiffs became increasingly desperate and anxious and suffered great emotional distress as they began to suspect the truth that defendants were intentionally concealing and hiding the true identity of the holder of the Note from plaintiffs and that it would therefore be impossible to negotiate a modified loan payment schedule which they could afford.

23. On or about May 5, 2009, defendants acting in concert caused a Notice of Default to be recorded in the Official Records of the County of Santa Cruz. Said Notice of Default contained the following inaccuracies and misrepresentations: it wrongfully identified American Brokers Conduit as the beneficiary of the Deed of Trust; it wrongfully misstated that Defendant Default Resolution Network had contacted plaintiffs as required by California Civil Code Section 2923.5. The true facts are that defendant MERS is the beneficiary of the Deed of Trust and no one from Default Resolution Network ever contacted plaintiffs prior to recording the Notice of Default as is required by said California Civil Code Section 2923.5

24. Plaintiffs further allege on information and belief that said notice of Default was a forged instrument and the persons who created it acted without the knowledge, consent or authority of the true holder of the Note contrary to the express affirmations set forth in the Notice of Default.

25. On May 7, 2009, Plaintiffs filed a bankruptcy under Chapter 7 of the United States Bankruptcy Code.

26. On or about June 9, 2009, Defendant DEUTSCHE BANK appeared in the Bankruptcy proceeding and filed a motion for relief from the automatic stay in order to foreclose on Plaintiff's Property. Pursuant to documents filed therein, defendant DEUTSCHE BANK expressly or impliedly alleged that Plaintiff's loan had been bundled into a loan pool referred to

5

as "GSR MORTGAGE LOAN TRUST 2006-OA1" which had been securitized and sold to investors around the world. DEUTSCHE BANK further expressly or impliedly alleged that it was the trustee of said loan pool with the attendant right to foreclose on plaintiffs' Property. Because of the following described occurrences, Plaintiffs are informed and believe and thereon allege that DEUTSCHE BANK had no right, title or interest in plaintiff's loan at the time that they filed their motion for relief from the automatic stay, or at any time at all, and that Defendant DEUTSCHE BANK was acting wrongfully at all times material hereto.

27. It was only after the hearing of DEUTSCHE BANK's motion which ocurred on June 29, 2009, that an instrument was executed on June 30, 2009 and recorded on July 6, 2009 in the Official Records of the County of Santa Cruz purporting to be an Assigment of the Deed of Trust from defendant MERS to defendant Deutsche Bank. Plaintiffs allege on information and belief that said instrument is a forgery and is invalid and was made without the knowledge, consent or authority of the true holder of the Note.

28. On August 14, 2009, Plaintiffs filed the present bankruptcy under Chapter 13 of the United States Bankruptcy Code.

29. On September 4, 2009, defendants acting in concert caused to be recorded another instrument in the Official Records of the County of Santa Cruz purporting to be a substitution of the trustee under the subject Deed of Trust executed by plaintiffs as part of their loan. Said instrument is dated June 9, 3009, and fraudulently stated that defendant AHMSI is the current beneficiary of the subject Deed of Trust and goes on to name defendant Power Default Services as the substitute trustee. Plaintiffs allege on information and belief that said instrument was a forged document made without the knowledge, consent or authority of the true holder of the Note and it therefore is invalid and of no force or effect.

29. On September 4, 2009, defendants violated the automatic stay of the new bankruptcy proceeding and caused to be recorded in the Official Records of the County of Santa Cruz a Notice of Trustees Sale. Plaintiffs are informed and believe and thereon allege that said Notice of Trustee's Sale was a forged instrument made without the knowledge, consent or authority of the true holder of the Note and therefore is void and of no force or effect whatsoever.

30. Defendants have currently advertised and scheduled a trustee's sale of the Property to take place on November 25, 2009. Although Plaintiff's attorney has informed defendants numerous times that the sale violates the automatic stay, defendants wrongfully refuse to cancel the scheduled trustee's sale.

## FIRST CAUSE OF ACTION
(Fraudulent concealment of the identity of the holder of the Note and the beneficiary of the Deed of Trust --------- against all defendants)

31. Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 30 as though set forth in full at this point.

32. At the time that Plaintiffs obtained said new loan, it was their understanding that defendant American Brokers Conduit, as the purported lender of the money for the loan, was the beneficiary of the Deed of Trust. However, defendants acting in concert, fraudulently concealed from Plaintiffs the true identity of the beneficiary of the Deed of Trust that they executed. Defendants, hid the true identity of the beneficiary of the Deed of Trust behind a straw man, defendant MERS. To this day, despite repeated demand by plaintiffs, defendants and each of them have failed and refused to tell plainttiffs who the true beneficiary of the Deed of Trust is. Furthermore, plaintiffs are informed and believe that at the inception of the loan defendants had the wrongful intention to sell and assign the Note to third parties whose identities were to be forever concealed from Plaintiffs.

7

33. Santa Cruz Mortgage Company owed a fiduciary duty to plaintiffs to bring to their attention the fact that MERS was the listed as the beneficiary of the Deed of Trust and should have explained to Plaintiffs that MERS was just a straw man for an undisclosed principal.

34. Had Plaintiffs understood that their loan would be sold or assigned to unknown third parties and would have an undisclosed principal whose name, address and phone number would never be revealed to them, plaintiffs would never have agreed to the loan or accepted any of the terms thereof.

35. On July 17, 2009, Plaintiffs sent demand letters via certified mail to defendants pursuant to California Civil Code Section 2943 and the federal Real Estate Settlement Procedures Act (12 USC Sections 2601-2617) wherein plaintiffs requested that defendants identify the holder of The Note or the authorized agent of the Holder of the Note who had authority to discuss modification of plaintiff's loan. Although, defendants had a stautory obligation to respond to said letters, each and every one of them failed and refused to respond at all and continue to fail and refuse to respond to said letters.

36. As a proximate result of defendants' concealment of the true beneficiary and holder in due course of The Note they are now in the situation where they are unable to communicate with anyone with authority to modify their loan. Without an opportunity to negotiate in good faith to modify their loan as is mandated by state and federal laws Plaintiffs stand to lose their home of fifteen years. Plaintiffs have been at all times material hereto qualified and willing to enter into a modification of their loan within acceptable guidelines which they would be able to afford.

37. Defendants intentionally concealed the true identity of the beneficiary of the Deed of Trust with the intent to induce plaintiffs to enter into the loan. Defendants further have intentionally concealed the identity of the holder of the Note with the despicable intent to avoid

8

having to modify plaintiff's loan and with the evil intent to foreclose on Plaintiffs' home of more than 15 years.

37. Had Plaintiffs understood that their loan would have an undisclosed principal whose name, address and phone number would never be revealed to them, plaintiffs would never have agreed to the loan or accepted any of the terms thereof.

38. As a proximate result of defendants' concealment of the identity of the holder of the Note and the beneficiary of the Deed of Trust, plaintiffs have suffered great emotional distress and anguish in that they are unable to find anyone with authority to enter into a modification of their loan and if they are unable to modify their loan they stand to lose their home of more than 15 years to foreclosure.

39. The conduct of defendants, and each of them, as described above was so vile, base, contemptible, evil, and loathsome that it would be looked down upon and despised by ordinary people, and was done with malice and the intent to harm plaintiffs and deprive them of their rights and their home of more then 15 years. Plaintiffs are therefore entitled to an award of exemplary and punitive damages in an amount appropriate to punish defendants and to deter others from similar conduct.

WHEREFORE, Plaintiffs request relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Tortious recordation of forged instruments --- against all defendants)

40. . Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 39 as though set forth in full at this point.

41. Plaintiffs are informed and believe that defendants are acting in concert in a despicable unlawful scheme to sell Plaintiffs' home through a trustee's sale in blatant disregard of the law and without any right, title or interest that would legally entitle them to conduct a trustee's sale.

42. In furtherance of their wrongful and outrageous scheme to unlawfully conduct a trustee's sale of plaintiff's home, and as herein previously mentioned, defendants have executed and recorded and published the Notice of Default without the knowledge or authority of the legitimate holder of The Note; they executed, recorded and published said Notice of Default without first contacting Plaintiffs to explore options to modify the loan and thereby avoid foreclosure as required by California Civil Code Section 2923, and in support of this action they fraudulently misrepresented in said Notice of Default that they had contacted or attempted to contact plaintiffs; they executed and recorded an assignment of the Deed of Trust with forged signatures and without the knowledge or authority of the true holder of The Note; they executed and recorded a Notice of Trustee's sale with forged signatures and without the knowledge or authority of the true holder of The Note; and they executed and recorded a fraudulent and forged substitution of trustee of the Deed of Trust.

43. As a proximate result of defendants despicable conduct, plaintiffs have suffered severe emotional distress and mental anguish and humiliation and pain and suffering.

WHEREFORE, Plaintiffs request relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Declaratory Relief ---- against all defendants)

44. . Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 43 as though set forth in full at this point.

10

45. An actual controversy exists between plaintiffs and defendants concerning their respective rights and duties regarding the Note and the Deed of Trust and the trustee's sale of their Property in that Plaintiffs contend the following:

(a) The Note is void and unenforceable by reason of the fact that plaintiff's consent to the loan was obtained by the fraud of defendants who concealed the fact that the beneficiary of the Deed of Trust was a straw man hiding an undisclosed principal whose identity and contact information would be forever withheld from Plaintiffs;

(b) None of defendants are the holder of the Note and they have no right, title or interest in the Note, the Deed of Trust or Plaintiffs' Property and therefore Plaintiffs owe defendants nothing under the Note and Defendants have no legal basis whatsoever to conduct a trustee's sale of plaintiffs' Property.

(b) The Deed of Trust is unenforceable because is was intentionally severed from the holder of the Note which rendered the deed of trust a nullity of no force and effect;

(c) The Notice of Default was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore invalid and of no force or effect;

(d) The Notice of Default is invalid and violated California Civil Code Section 2923.5 in that neither the beneficiary or authorized agent for the beneficiary contacted plaintiffs prior to recordation of said Notice of Default in order to explore options to avoid foreclosure;

(e) The Notice of Trustee's Sale was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore invalid and of no force or effect;

(f). The Substitution of Trustee was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore invalid and of no force or effect; and

11

Case: 10-05057    Doc# 1    Filed: 02/25/10    Entered: 02/25/10 12:39:45    Page 11 of 18

(g) The assignment of the deed of trust was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore invalid and of no force or effect.

46. Plaintiffs are informed and believe and thereon allege that defendants, and each of them, dispute the foregoing contentions concerning the Note, the Deed of Trust and the other documents referred to in the previous paragraph.

47. Plaintiff desire a judicial determination and declaration that Defendants are not the Holder of the Note; that the Note is unsecured by reason of the fact that the Deed of Trust is a legal nullity; that the Note is not enforceable due to fraud in the inception; that the Trustee's sale can not proceed because the Notice of Default did not comply with California Civil Code Section 2923.5 and because defendants do not have the knowledge consent or authority of the true holder of the Note such as would allow a trustee's sale; and that the Notice of Default, Notice of Trustee's Sale, Assignment of the Deed of Trust and the Substitution of Trustee are all inavlid and of no force and effect.

WHEREFORE, Plaintiffs request relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Violation of Civil Code Section 2923.5 ----------against all defendants)

48. . Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 47 as though set forth in full at this point.

49. As previously mentioned herein, defendants did not contact or attempt to contact Plaintiffs as required by California Civil Code Section 2923.5 prior to recording the Notice of Default.

50. Defendants' failure to comply with said Section 2923.5 was intentional and done with malice and the despicable intent to foreclose of Plaintiffs without giving plaintiffs a legitimate opportunity to negotiate a loan modification which plaintiffs could afford.

12

51. As a proximate result of Defendants' violation of California Civil Code Section 2923.5, plaintiffs have suffered extreme emotional distress and mental anguish and pain and suffering.

WHEREFORE, Plaintiffs request relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Violation of California Civil Code Section 2943 --- against all defendants)

52. Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 51 as though set forth in full at this point

53. As herein previously alleged, on or about July 17, 2009, plaintiffs sent defendants a demand letter pursuant to California Civil Code Section 2943 requesting that the holder of the Note and the holder of the Note's authorized agent be identified.

54. As herein alleged, defendants failed and refused to respond to said letter and continue to this day to fail and refuse to identify who the current holder of the Note is. Said failure to identify the holder of the Note or the holder of the Note's authorized agent constituted a breach and violation of California Civil Code Section 2943.

55. As a proximate result of defendant's willful and intentional breach of said Section 2943, plaintiffs have suffered the damages herein alleged.

WHEREFORE, Plaintiffs request relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(VIOLATION OF 12 USC SECTIONS 2601-2617 (RESPA) --- against all defendants)

56. Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 55 as though set forth in full at this point

13

57. As herein previously alleged, on or about July 17, 2009, plaintiffs sent defendants a demand letter pursuant to 12 USC SECTIONS 2601-2617 (RESPA) requesting that the holder of the Note and the holder of the Note's authorized agent be identified.

58. As herein alleged, defendants failed and refused to respond to said letter and continue to this day to fail and refuse to identify who the current holder of the Note is. Said failure to identify the holder of the Note or the holder of the Note's authorized agent constituted a breach and violation of 12 USC SECTIONS 2601-2617 (RESPA).

59. As a proximate result of defendant's willful and intentional breach of said Section 2943, plaintiffs have suffered the damages herein alleged.

WHEREFORE, Plaintiffs request relief as hereinafter set forth.

## SEVENTHTH CAUSE OF ACTION
(Injunctive Relief --- against all defendants)

60. Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 59 as though set forth in full at this point

61. Defendants have commenced a foreclosure action under the Note and have scheduled a trustee's sale of plaintiffs' Property to take place.

62. If Defendants are not enjoined from proceeding with their unlawful trustee's sale, plaintiffs are threatened with immediate, irreparable harm including a cloud upon the title to their Property as well as the possibility of being wrongfully dispossessed of the Property. If Defendants are not stopped from conducting the trustee's sale, Plaintiffs could lose their home and personal residence where they have resided for more than 15 years., a loss that Plaintiffs should not be permitted to suffer under the circumstances of this case.

63. Any injury that defendants might suffer by the court granting a temporary restraining order and permanent injunction against them would be substantially less than that which plaintiffs would suffer by the loss of their home.

64. Plaintiffs have no other adequate remedy at law and the injunctive relief requested in the prayer is necessary and appropriate at this time to prevent irreparable loss to plaintiffs. WHEREFORE, Plaintiffs request relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
(Cancellation of Note and Deed of Trust and other instruments ----------against all defendants)

65. Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 64 as though set forth in full at this point.

66. As mentioned herein, the essential terms of the loan were either misrepresented or concealed from plaintiffs at the time they entered into the loan agreement and executed the Note and Deed of Trust. By reason of said misrepresentation and concealment of material facts, said documents were void ab initio and Plaintiffs are entitled to have the loan documents, including the Note and Deed of Trust adjudged void and without any legal force or effect on this basis.

67. Furthermore, as herein alleged, defendants intentionally severed the Deed of Trust from the holder of the Note by intentionally naming MERS as the beneficiary of the Deed of Trust and therefore plaintiffs are entitled to to have the Deed of Trust adjudged a nullity, void and of no force and effect.

68. As further alleged herein defendants have caused to be recorded a Notice of Default without the knowledge, consent or authority of the holder of the Note and that said Notice contains forged signatures and therefore plaintiffs are entitled to have this instrument adjudged a nullity, void and no force or effect. As further alleged herein, said Notice of Default violated

15

Case: 10-05057   Doc# 1   Filed: 02/25/10   Entered: 02/25/10 12:39:45   Page 15 of 18

California Civil Code Section 2923.5, and on these grounds should be adjudged void and of no force or effect.

69. As further alleged herein defendants have caused to be recorded a purported Assignment of the Deed of Trust without the knowledge, consent or authority of the holder of the Note and that said purported Assignment contains forged signatures and therefore plaintiffs are entitled to have this instrument adjudged a nullity, void and no force or effect.

70. As further alleged herein defendants have caused to be recorded an instrument purporting to be a Notice of Trustee's Sale without the knowledge, consent or authority of the holder of the Note and that said Notice contains forged signatures and therefore plaintiffs are entitled to have this instrument adjudged a nullity, void and no force or effect.

71. As further alleged herein defendants have caused to be recorded a document entitled "Substitution of Trustee" without the knowledge, consent or authority of the holder of the Note and that said Notice contains forged signatures and therefore plaintiffs are entitled to have this instrument adjudged a nullity, void and no force or effect.

72. Each of the aforementioned documents and instruments wrongfully creates a cloud on the title to plaintiffs' Property and Plaintiffs are entitled to a judgment of cancellation of each of said documents and instruments.

WHEREFORE, plaintiffs request relief as follows:

1. On the First Cause of Action, for a judgment that the Note and Deed of Trust are void and of no force and effect by reason of defendants' fraud and concealment; for an award of general and compensatory damages according to proof; for an award of punitive and exemplary damages according to proof; and for costs of suit and such other and further relief as the court may deem appropriate;

2. On the Second Cause of Action, for an award of general and compensatory damages according to proof; for costs of suit and such other and further relief as the court may deem appropriate.

3. On the Third Cause of Action, for a judicial determination and declaration that the Note and Deed of Trust are void and unenforceable due to defendants' fraud and concealment; and for a judicial determination and declaration that none of defendants are the holder of the Note and they have no right, title or interest in the Note, the Deed of Trust or Plaintiffs' Property; for a judicial determination and declaration that the the Deed of Trust is unenforceable because is was intentionally severed from the holder of the Note which rendered the deed of trust a nullity of no force and effect; for a judicial determination and declaration that the Notice of Default was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore void and of no force or effect; For a judicial determination and declaration that the Notice of Default is void and violated California Civil Code Section 2923.5.; for a judicial determination and declaration that the Notice of Trustee's Sale was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore void and of no force or effect; for a judicial determination and declaration that the Substitution of Trustee was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore void and of no force or effect; and for a judicial determination and declaration that the assignment of the deed of trust was a forgery and made without the knowledge, consent or authorty of the holder of the Note and therefore void and of no force or effect.

4. On the Fourth Cause of Action, for an award of general and compensatory damages and statutory damages according to proof.

17
Case: 10-05057    Doc# 1    Filed: 02/25/10    Entered: 02/25/10 12:39:45    Page 17 of 18

5. On the Fifth Cause of Action, for an award of general and compensatory damages and statutory damages according to proof.

6. On the Sixth Cause of Action, for an award of general and compensatory damages and statutory damages according to proof.

7. On the Seventh Cause of Action, for a Temporary Restraining Order and Preliminary Injunction restraining and enjoining defendants, and their agents, attorneys, employees, representatives and all persons acting under them from conducting a trustee's sale of Plaintiff's Property located at 411 Quail Run, Aptos, California.

8. For an order and judgment declaring that the Note, Deed of Trust, Notice of Default, Assignment of Deed of Trust, Notice of Trustee's Sale and Substitution of Trustee are all void and cancelled.

9. On all Causes of Action, for costs of suit incurred herein and all such other and further relief as the court may deem just and proper.

DATED: 2/23/2010

RICHARD S. CHALGREN, plaintiff

DATED: 2/23/2010

KAREN CHALGREN, plaintiff